UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>COREY DONOVAN ) | 1:21-cr-00088-PB |

UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS, A NEW TRIAL, OR A NEW *FRANKS* HEARING

## I.     Introduction

In September 2022, defendant Corey Donovan filed a motion to dismiss, for a new trial, or for a new *Franks* hearing, alleging, in part, that the government should have produced evidence from an unrelated case—*United States v. Adjutant*—involving the informant—Ms. Fillion—whose tip was incorporated in the search warrant affidavits that led to the criminal charge against defendant. At the January 3, 2023, hearing on the motion, the Court clarified with the defendant that his motion is governed by Federal Rule of Criminal Procedure 33. That rule permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires," where, as relevant here, the defendant brings forward "newly discovered evidence." Fed. R. Crim. P. 33(b)(1). Evidence available to the defendant at the time of trial is not newly discovered under the rule. *United States v. Lenz*, 577 F.3d 377, 383 (1st Cir. 2009) (noting that a Rule 33 motion cannot be based upon evidence known to the defendant at the time of trial); *United States v. Osorio-Pena*, 247 F.3d 14, 19 (1st Cir. 2001) ("[T]he facts giving rise to ineffective assistance claims are not newly discovered evidence under Rule 33 if the facts were available to the defendant at trial but he or she did not appreciate their legal significance.").

To streamline analysis of the defendant's motion, the Court directed the defendant to file a chart identifying the evidence upon which the motion relies, the date that evidence was

produced, the substance of the evidence, and the corresponding statement in the affidavit that the evidence supposedly contradicts. The defendant's chart identifies only two pieces of evidence obtained after trial—one law enforcement officer's statement to another and Cumberland Farms surveillance video. These videos could have been discovered before trial. Regardless, neither of these videos support the defendant's claim that the agent made a false statement or material omission in the search warrant affidavit. The defendant's motion should be denied.

## II.     Applicable Law

To succeed on a Rule 33 motion for a new trial the movant must show: (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material, and not merely cumulative or impeaching; and (4) it will probably result in an acquittal upon retrial of defendant. *United States v. Wright,* 625 F.2d 1017, 1019 (1st Cir. 1980). If the new trial motion is based on an alleged *Brady* violation, "the tests for the third and fourth prongs of the *Wright* framework differ." *United States v. Colon-Munoz*, 318 F.3d 348, 358 (1st Cir. 2003). Specifically, "if the government possessed and failed to disclose *Brady* evidence, a new trial is warranted if the evidence is 'material' in that there is a 'reasonable probability . . . sufficient to undermine confidence in the outcome' that the evidence would have changed the result." *Id.* (*quoting United States v. Bagley*, 473 U.S. 667, 682 (1985)).

## III.    Discussion

### a.  The defendant primarily relies upon evidence disclosed before trial.

In his supplemental memorandum, the defendant identifies four pieces of evidence upon which his motion is based. The following is a chart identifying each piece of evidence and the date it was disclosed to the defendant:

| Evidence | Date Disclosed |
|---|---|
| December 23, 2020 Interview of Ms. Fillion | September 27, 2021 |
| March 11, 2021 Interview of Ms. Fillion | September 27, 2021 |
| Dash camera footage | July 27, 2022 |
| Cumberland Farms surveillance footage | July 27, 2022 |

Two of the pieces of evidence—the December 23, 2020 interview with Ms. Fillion and the March 11, 2021 interview with Ms. Fillion—were produced to the defendant on September 27, 2021, two days before defendant filed his supplemental brief on the motion to suppress, a week before the second suppression hearing, and two weeks before evidence started in the October 2021 trial.

Defendant claims that these items were not "produced" because the index identifying their production was "mislabeled." Supplement at 2, fn. 2. But the index identifying their production specifically labeled them as "[REDACTED NAME] Recorded Interview on 3.11.2021 with ATF.mkv" and "[REDACTED NAME] Recorded Interview on 12-23-20 with Somersworth PD.mkv." September 27, 2021 Discovery Letter, ECF No. 77-9, at 3. Defense counsel would have understood those file names to be referring to Ms. Fillion's interviews. At the September 24, 2021, suppression hearing, defense counsel repeatedly referenced Ms. Fillion's December 22, 2020 possession of a firearm, arrest, and March 11, 2021 interview. *See, e.g.,* ECF No. 66, at 10:22-11:1; 22:2-8; 32:8-10; 38:20-25; 39:9-11; 43:17-21; 56:24-57:5; 57:22-58:7.

Moreover, the government made defendant's trial counsel specifically aware of the recordings before their production. To that end, the parties addressed appropriate restrictions and signed a memorandum of understanding regarding the production of the videos along with a

3

few additional sensitive items, including Ms. Fillion's cellphone extraction, on Tuesday, September 21, 2021. Defense counsel attended Ms. Fillion's testimony in the Adjutant trial on Wednesday, September 22, 2021. *See,* ECF No. 66, at 10:22-11:1; 57:10-14. The interviews were disclosed to defense counsel on Monday, September 27, 2021. The defendant cannot meet his burden to demonstrate that these interviews were unknown or unavailable at the time of trial or that they could not have been discovered sooner with due diligence.

### b. The dash camera and Cumberland Farms footage could have been discovered with due diligence.

Though the dash camera and Cumberland Farms surveillance footage from the Fillion/Adjutant investigation were disclosed to the defendant after trial, they could have been discovered with due diligence and are thus not "new" as required by Rule 33. Defense counsel was aware of Ms. Fillion's December 22, 2020 arrest, as well as the investigation that led to charges against both Ms. Fillion and Mr. Adjutant. The government disclosed evidence from that case that related directly to Ms. Fillion, including her plea agreement, a copy of her cellphone extraction, and videos of her interviews. Defense counsel could have requested additional discovery materials from the Fillion/Adjutant investigation but did not do so until July 2022 after new counsel was appointed.[1] This evidence could have been discovered with due diligence prior to trial and is thus not "new" as required under Rule 33. *United States v. Garcia-Alvarez*, 541 F.3d 8, 17 (1st Cir. 2008) (finding that information about cell site evidence learned after trial that was based upon interpreting billing codes included in records disclosed before trial was not "newly discovered" under Rule 33).

---

[1] In the government's view, these recordings are both immaterial to the suppression issue as well as to the defendant's felon-in-possession charge,

### c. Defendant cannot meet his burden to establish that Agent Forte made a false statement in the affidavit or that the alleged false statement would have impacted the probable cause analysis.

Even if the Court considers these additional videos as "newly discovered evidence," the defendant cannot meet his burden to establish that a new trial is warranted. Focusing only on evidence disclosed post-trial, as required under Federal Rule of Criminal Procedure 33, the defendant's chart should read as follows:

| Evidence Disclosed Post Trial | Agent Forte's Corresponding Statement in the Affidavit | Alleged Misstatement or Omission |
| --- | --- | --- |
| Dash Camera Footage | "[Fillion] has been previously interviewed regarding an unrelated case and was found to have provided truthful and accurate information." | Somersworth Police dash camera video where, outside the presence of Ms. Fillion, Officer Mulcahey summarizes that Ms. Fillion said Mr. Adjutant gave her the gun "outside the store" and that she brought in into the store. |
| Cumberland Farms Surveillance Footage | "[Fillion] has been previously interviewed regarding an unrelated case and was found to have provided truthful and accurate information." | Videos depicting Mr. Adjutant and Ms. Fillion arriving at the store and interacting before Ms. Fillion enters the store after the police arrive. |

Defendant's only claim based upon this evidence is that Agent Forte supposedly misled the magistrate judge when he wrote in his search warrant affidavits that Ms. Fillion "had been previously interviewed regarding an unrelated case and was found to have provided truthful and accurate information." The defendant claims Agent Forte's statement is incorrect because Ms. Fillion made allegedly inconsistent statements to Somersworth Police about *where* Mr. Adjutant gave her the handgun.[2]

---

[2] The defendant claims that Ms. Fillion also made allegedly inconsistent statements about *when* she realized that Mr. Adjutant gave her the handgun. To support this claim, the defendant relies heavily on statements Ms. Fillion's plea agreement dated August 2021. Agent Forte could not have been aware of the contents of Ms. Fillion's plea agreement five months before it was filed.

Ms. Fillion's statements about where Mr. Adjutant gave her the handgun are as follows:

- In the December 22, 2020, dash-cam recording of Ms. Fillion inside of Officer Mulcahey's car, Ms. Fillion explained that Mr. Adjutant gave her the gun "when [they] were walking."

- In the December 23, 2020, post-arrest interview with Somersworth Police, Ms. Fillion explained that Mr. Adjutant gave her the gun as "by the end of the very ending of the parking lot" to her apartment in Somersworth as they were walking over to the Cumberland Farms.

- In the March 11, 2021, post-arrest interview with ATF, Ms. Fillion described the location where Adjutant gave her the gun as "after" they left her apartment and "before [they] got to Cumbies."

- Ms. Fillion's signed plea agreement from August 2021 in which she said Adjutant placed the firearm in her pocket "while walking" together toward Cumberland Farms.

The defendant's evidence does not conflict with these statements. The Cumberland Farms surveillance video does not capture the entire walk from Ms. Fillion's apartment to the store. The fact that this surveillance footage did not record Mr. Adjutant giving Ms. Fillion the gun immediately outside of the store does not contradict Ms. Fillion's repeated statements that Mr. Adjutant gave her the gun after they left her apartment and while they were walking to the Cumberland Farms.

Similarly, one officer's comments to another officer, outside the presence of Ms. Fillion, cannot reasonably be said to contradict Ms. Fillion's statements. Nothing suggests that Ms. Fillion heard or adopted that statement. Moreover, her actual statement—that Mr. Adjutant gave her the gun "when [they] were walking"—was captured on a recording and disclosed. Even if it could somehow be attributed to Ms. Fillion, the statement can hardly be said to be inconsistent, let alone so contradictory as to render false Agent Forte's statement that she provided "truthful and accurate" information in the Adjutant matter. Her description of the events contain, at most, the sort of minor variances that could be expected in an

individual recounting an event several times over a period of many months and certainly fall well short of making Ms. Fillion's statements in the Adjutant matter facially incredible. *See, e.g.*, *United States v. Santos-Rivera*, 726 F.3d 17, 25 (1st Cir. 2013) ("[M]inor inconsistencies in otherwise lengthy and corroborated testimony will not undermine the witness' credibility").

Moreover, law enforcement corroborated portions of her statements. They recovered the firearm where she said she had left it inside the Cumberland Farms. In addition, the information Mr. Adjutant provided law enforcement officers on December 22, 220 corroborated Ms. Fillion's statements—Mr. Adjutant stated that he gave her the gun during their walk from Ms. Fillion's apartment.

There was nothing deceptive in Agent Forte's statement that Ms. Fillion had provided "truthful and accurate information in an unrelated case." The defendant thus cannot establish that this statement was false. Moreover, the defendant cannot establish that the officer's statement or the Cumberland Farms video would have altered the outcome of the suppression hearing.

### d. The defendant's other claims are based upon evidence disclosed before trial.

Defendant makes various other claims in his motion for a new trial or to reopen the *Franks* hearing, including alleging that Ms. Fillion made inconsistent statements about when she realized that the object Mr. Adjutant gave her was a gun, and whether Agent Forte failed to corroborate Ms. Fillion's statements about the defendant removing a "metal object" from his car. These arguments are all based upon evidence that was disclosed prior to trial. The Court should thus reject these claims.

## IV.     Conclusion

For the reasons set forth above, the United Sates respectfully requests that the Court deny the defendant's motion to dismiss, for a new trial, or for a new *Franks* hearing.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Date:  January 27, 2023            By:     /s/ Anna Krasinski
                                           /s/ Charles Rombeau
                                           Anna Krasinski
                                           Charles Rombeau
                                           Assistant U.S. Attorneys
                                           53 Pleasant Street, 4th Floor
                                           Concord, NH  03301
                                           (603) 225-1552