UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:21-cr-00088-JL |
| ) | |
| COREY DONOVAN ) | |

GOVERNMENT'S OBJECTION TO DEFENDANT'S
MOTION FOR RETURN OF PROPERTY UNDER RULE 41(G)

## I.   Introduction

In October 2021, defendant Corey Donovan was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) following a multi-day jury trial. In January 2023, the Court sentenced defendant to 110 months of imprisonment.  The First Circuit affirmed the defendant's conviction and sentence in a published opinion on September 13, 2024.

Proceeding pro se, defendant has now filed a "Motion or Return of Property Under Rule 41(g) of Federal Rules of Criminal Procedure and production of Discovery under Rule 16."  Dkt. No. 134.  The defendant's motion seeks as relief to have the Government "relinquish their possession of messages intended for his previous attorney." Id. at 1.  Specifically, defendant contends that, while he was incarcerated at the Merrimack County jail in September and October 2021, the jail improperly recorded outgoing calls the defendant made to his attorney Matt Stachowske on Attorney Stachowske's cell phone number ending in -9045.  Id.   Because the government is not in possession of any such recordings, and for the additional grounds set forth below, the Court should deny the motion.

## II.     Applicable Law and Background

The First Circuit has made clear that "a person convicted of an offense is entitled to the return of property seized at the time of his arrest, unless that property falls into certain categories." United States v. Cardona-Sandoval, 518 F.3d 13, 15 (1st Cir. 2008).  However, a Rule 41(g) motion is "properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007) (internal citation omitted).

Here, the government obtained numerous jail calls of the defendant during the pendency of the criminal case, both by video and phone, from Merrimack County.  Of note, the Merrimack County jail's recording system contains a disclaimer warning both the inmate caller and recipient that the line is being recorded, not-private, and may be monitored.  The system additionally contains information on how the inmate can register the number he is calling if he believes the number should be treated as private.

The government has diligently reviewed the recordings it received in this case in 2021. The government's records reflect that all of the recordings it received were produced in discovery to Mr. Stachowske.  In addition, the government does not have records of any recordings of to Mr. Stachowske's -9045 number.  The Merrimack HOC system noted one call to that number taking place April 21, 2021, and lasting 0 seconds in duration (meaning that call was not successful).  The -9045 number does not otherwise appear in the government's records that it has been able to locate in preparing this response.  The government will continue to exercise its diligence in reviewing the previous discovery productions in this case and will supplement the record if warranted.

**III.    Discussion**

Defendant's motion varies from the ordinary request for the return of property in three notable respects, all of which support denying the requested relief.  First, the "property" in question in here was not seized pursuant to a Rule 41 warrant, but rather came about through the standard recording and monitoring of oral communications of jailed individuals.  The government can find no case where such evidence was the subject of a Rule 41(g) motion.

Second, defendant's motion seeks recordings allegedly made by his jailers at the Merrimack County House of Corrections.  Courts have generally recognized when property is seized and held by local law enforcement officials, as here, and not by federal officials, a federal court generally lacks subject matter jurisdiction over a motion to return such property.  See United States v. Copeman, 458 F.3d 1070, 1071–73 (10th Cir. 2007) (affirming denial of Rule 41(g) motion where property was seized by state law enforcement officers and was therefore "not in the constructive possession of the United States"); see also Reyna v. United States, 180 Fed. App'x 495, 496 (5th Cir. 2006) (explaining that Rule 41(g) is applicable only to property in the possession of the federal government, not property seized and held by state authorities).   To the extent defendant desires to seek a remedy against Merrimack County for the recording of his allegedly privileged calls, he may certainly do so outside of this criminal matter.  But it does not entitle him to Rule 41(g) relief here.

Finally, defendant acknowledges he already has access to the "property" insofar as he has copies of the messages he left.  See Defendant's Exhibits K, L, and M.  Of note, contemporaneous to his motion for return of property, defendant has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2555 through which he advances the primary argument that Mr. Stachowske was ineffective.  See 24-cv-392-JL-TSM.  The government's response date is

January 27, 2025. To the extent defendant intends to pursue those claims, he may well need to waive any claim of privilege and the recordings may be evidence at any hearing. See, e.g., United States v. v. Goodwyn, 797 F. Supp. 2d 177, 182 (D. Mass. 2011) ("By claiming ineffective assistance of counsel in his § 2255 petition, Goodwyn has impliedly waived attorney-client privilege with respect to communications with [his attorney] necessary to prove or disprove his claim."). Thus, there is a yet unknown evidentiary need to obtain those recordings from the Merrimack County House of Corrections should they still exist.

## IV. Conclusion

For the reasons set forth above, the United Sates respectfully requests that the Court deny the defendant's motion for return of property.

                                           Respectfully submitted,

                                           JANE E. YOUNG
                                           United States Attorney

Date: December 17, 2024            By:    /s/ Charles L. Rombeau
                                                 Charles L. Rombeau
                                                 Assistant U.S. Attorney
                                                 53 Pleasant Street, 4th Floor
                                                 Concord, NH  03301
                                                 (603) 225-1552